UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAXWELL FAISON

        **Plaintiff**

V

        Case No:
        Hon:

**WAYNE COUNTY AIRPORT AUTHORITY,
MARTIN KOWLAKOWSKI, DEPUTY
POLICE CHIEF, COREY NOBLE ,
ROSALIND WALLACE, LYDIA RACEY,\
AND MELLISA GREENE**

---

**FIRST AMENDED COMPLAINT AND JURY DEMAND**

Plaintiff MAXWELL FAISON   (Hereinafter FAISON) by her attorneys LAW OFFICES OF   DIANA L. McCLAIN& ASSOCIATES, P.C., By Diana L. McClain and complain against Defendants as follows:

**Jurisdiction and Parties**

1. This is an action for deprivation of Plaintiff's rights under Title VII, Elliot Larson Civil Rights Act (Elliot Larson) and Intentional Infliction of Emotional Distress: arising out of Plaintiffs employment relationship with  WAYNEW COUNTY AIRPORT AUTHORITY Defendants

2. That the United States District Court for the Eastern District of Michigan has jurisdiction of  MAXWELL FAISON 'S constitutional claim under and pursuant to Title VII, 28 USC §1343 and 28 USC §1331,  and _____ Venue lies in the Eastern District of Michigan pursuant to 28 USC 1391 2 (b).

3. That the United States District Court for the Eastern District of Michigan Court

1

has supplemental jurisdiction of Plaintiff, MAXWELL FAISON's state law claims pursuant to 28 USC §1367.

4. That FAISON is a citizen of the United States and a resides in Garden City Michigan within the Eastern District of Michigan.

5. Defendant, Wayne County Airport Authority ("WCAA"), is a governmental entity operating in Detroit, Wayne County, Michigan.

6. That Upon information and belief, Defendant MARTIN KOWLAKOWSKI ( hereinafter KOWLAKOWSKI) resides within the Eastern District of Michigan.

7. That Upon information and belief, Defendant, COREY NOBLE (hereinafter NOBLE) resides within the Eastern District of Michigan.

8. That Upon information and belief, Defendant, MELISSA GREENE____ (hereinafter GREENE resides within the Eastern District of Michigan.

9. That Upon information and belief, Defendant, ROSALIND WALLACE (hereinafter WALLACE resides within the Eastern District of Michigan.

10. That Upon information and belief, Defendant, LYDIA RACEY (hereinafter RACEYresides within the Eastern District of Michigan.

11. The transactions and occurrences, which are the subject matter of this complaint, took place in Oakland County.

## Background Facts

12. That Plaintiff MAXWELL FAISON, hereinafter PLAINTIFF, is an African American male, age 39, who became employed with Defendant WCAA on or About August 2005.

13. That FAISON/PLAINTIFF was hired in as a security operations assistant in the Airport Response Center (ARC hereinafter).

2

14. Throughout the course of his employment with WCAA performed her job duties in a manner that was satisfactory or better.

15. That as FAISON 'S supervisors, MARTIN KOWLAKOWSHI , COREY NOBLE, MELISSA GREENE, ROSALIND WALLACE and LYDIA RACEY had final supervisory authority.

16. That Defendant WCAA was well aware is Defendant Corey Noble, perpency to discriminate against non white employees regarding disciplinary actions and the enforcement of policies and Procedures.

17. That on February 1, 2016, Plaintiff complained to Defendant Martin Kowlakowski about Defendant Noble's authority to oversee, issue, orders and take disciplinary actions over supervisors when he was a supervisor like he was.

18. That PLAINTIFF was keenly aware that no African American had ever been promoted to Assistant manager of WCAA Airport Response Center since its inception.

19. That on or about November 27, 2016, Plaintiff was informed that two (2) white employees were promoted to assistant manager positions with the Airport Response Center

17. That Plaintiff inquired with his supervisors about why the positions had not been posted and why management had not followed regular hiring practices,

18. That Plaintiff further questions the fairness of Defenndant's policies and procedures when hiring non white employees.

19. That Plaintiff believed that he had not been considered for a promotion because of his race.

3

20. That after Plaintiff inquired about the promotions and complained about the unfair treatment he was subjected to disciplinary actions.

21. That between January 2017 through July 2017, Plaintiff was suspended multiple times allegedly for violation of policy and procedures.

22. That Plaintiff was the only employee that was ever placed on a PIP in the history of ARC.

23. That all the individual Defendants had actual knowledge of Plaintiff's complaints about the management position and the unfair hiring practices,

24. That KOWLAKOWSKI, NOBLE AND GREENE conspired to create bogus allegations of policy violations in retaliation for Plaintiff's complaint to Human resources about Defendants' discriminatory conduct.

26. That Plaintiff was ultimately terminated.

27. That Plaintiff believes that he was terminated due to his race and in retaliation for his complaints.

28. That Defendants has shown a pattern and practice of racial discrimination against Black employees in promotions and unequal enforcement of company policies.

29. That Plaintiff complained to Defendants WALLACE AND RACEY who failed to investigate same and allowed defendants', KOWLAKOWSKI, NOBLE and GREENE discriminatory conduct and retaliation to continue.

30. That defendants conduct constitutes actions in violation of both Title VII and the Elliot Larson Civil Rights Act.

31. That Plaintiff received a "Right to Sue " letter on or about December 7, 2017., and same is attached as exhibit A .

4

32, That JACKSON then filed the within action.

## COUNT I
## VIOLATION OF ELLIOT LARSON CIVIL RIGHTS ACT;RACE DISCRIMINATION AS TO ALL DEFENDANTS

33. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 32 as though set forth in full herein.

34. That the conduct of Defendants were discriminatory under the Elliott Larson Act, specifically under MCL 37.2202 and TITLE VII.

35. That the PLAINTIFF, an African American male, had worked for WCAA for a number of years without incident.

36. That PLAINTIFF received satisfactory performance evaluations throughout his tenure with WCAA.

37. That WCAA showed a pattern and practice of race discrimination against African Americans in regards to promotions.

38. That Defendants began a pattern of disparate treatment including unequal enforcement of company policies to prejudice African American employees.

39. That there are other instances of disparate treatment, which have been documented and will be documented throughout the pendency of this litigation.

40. That it is clear that since Kowlakowski, NOBLE and GREENE became PLAINTIFF'S supervisor that they had perpetuated a pattern and practice of disparate treatment of African American employees.

41. That all Defendants have repeatedly enforced pay scales, rules and regulations in a disparate way towards African American male employees.

5

42. That in 2016  to present, Defendants began a course of conduct which repeatedly and continuously subjected the Plaintiff to:

      a.     Race Discrimination

      b.     Disparate treatment;

      c.     Retaliation and

      d.     A hostile work environment

43. That in such conduct by all defendants was discriminatory under the Elliott Larson Act specifically under MCL 37.2202

44. That all defendants  owed a duty to Plaintiffr  to refrain from discriminatory conduct based on race.

45. That WCAA, RACEY AND WALLACE did breach and violate each of the aforementioned duties, which it owed to PLAINTIFF by reason of the following negligent acts, intentional acts, and omissions as follows:

      a.     Negligent failure to supervise persons who would be capable Of being competent and law-abiding supervisors, and with Particular reference to enforcing laws against sexual and racial discrimination, and employment discrimination;

      b.     Negligent hiring giving supervisory authority to persons who were known to have propensities as would make them unfit to serve in the capacity of supervisor over female employees;

      c.     Negligent failure to properly educate and train its employees and supervisors with particular reference to the unlawfulness

6

of racial discrimination, and employment;

d.       Negligently failing to properly warn or advise its employees and supervisors to refrain from taking unlawful discriminatory action against employees including but not limited to discriminatory treatment and retaliation;

46. That as a direct and proximate result of the negligence of all Defendants, PLAINTIFF was made the subject/victim of racial discrimination in employment.

47. Because of the negligent conduct of the of the Defendants herein, as a proximate result thereof, PLAINTIFF have suffered damages including humiliation, embarrassment, outage and other employment benefits and loss of capacity for the enjoyment of life.

48. That because of the statutory violations by the Defendants herein and as a proximate result thereof, PLAINTIFF have suffered damages including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits and loss of capacity of the enjoyment of life.

**WHEREFORE,** PLAINTIFF further respectfully ask that this Honorable Court enter judgment in his favor and against Defendants in excess of $75,000.00 Dollars that he is found to be entitled after a trial on the merits, together with interest, cost and attorney's fees as provided by statute. Further PLAINTIFF states that this amount of $75,000.00 is only a jurisdictional allegation for Plaintiff's damages are well in excess of $ 1,000,000.00.PLAINTIFF further prays that the jury award his appropriate back pay plus interest so as to render him whole from the unlawful acts of Defendants/

7

## COUNT II
### RACE ADISCRIMINATION IN VIOLATION OF TITLE VII
(Disparate Treatment and Intentional Discrimination)
### AS TO WAYNE COUNTY AIRPORT AUTHORITY (WCAA)

49. That JACKSON repeats and realleges every allegation, word for word, contained in Paragraphs 1 through 48 as though fully set forth herein.

50. That as an AFRICAN AMERICAN , PLAINTIRF is entitled to protection under Title VII.

51. That 42 USC 1981 has at all time guaranteed PLAINTIFF that he has a right to be free from Discrimination on account of her race and age in her employment.

52. That throughout the course of PLAINTIFF's employment, Defendantdiscriminated against him by treating him differently and less favorable than similarly situated white employees, and PLAINTIFF's race played a significant and motivating factor in Defendant's adverse decisions.

53. That throughout Plaintiff's employment Defendant has intentionally discriminated against him due to her race and age; and was predisposed to discriminate against African American over the age of forty and acted upon the predisposition in it's treatmet of PLAINTIFF.

54. That as a direct and proximate result of' s discriminatory employment acts of disparate treatment and intentional discrimination, which acts were based on unlawful consideration of PLAINTIFF's race as an African American, PLAINTIFF has lost wages and future earnings, fringe benefits and other economic advantages incident to employment: and further, PLAINTIFF has and will continue to suffer mental anguish, severe depression, mental distress, anxiety, public humiliation, embarrassment, and

8

outrage over the manner in which he has been treated which includes the loss of enjoyment of ordinary pleasures of life.

WHEREFORE, PLAINTIFF further respectfully ask that this Honorable Court enter judgment in his favor and against Defendantin the following equitable and legal relief:

    a.    Award PLAINTIFF appropriate back pay plus interest so as to render him whole from the unlawful acts of WCAA which include the denial of promotional opportunities;

    b.    Award PLAINTIFF the cost of litigation including reasonable attorney fees and witness fees and

    c.    Enter judgment against PLAINTIFF in whatever amount in excess of Seventy-five Thousand ($75,000.00) Dollars, non-economic damages, compensatory damages and exemplary damages, as this Honorable Court deems just and equitable.

## COURT III
## RETALIATION IN VIOLATION OF ELLIOTT LARSON CIVIL RIGHTS ACT (ELCRA) AS TO ALL DEFENDANTS

55. That PLAINTIFF repeats and realleges every allegation, word for word, contained in Paragraphs 1 through 54 as though fully set forth herein.

56. That the Elliott Larson Civil Rights Act prohibits retaliation pursuant to MCLA 37.2701,

57. That Defendants retaliated against PLAINTIFF for his rejection and opposition to their unlawful and discriminatory employment practices, which were based on upon PLAINTIFF 's race.

9

58. That Defendants' conduct was willful, malicious, and intentional and in reckless disregard of PLAINTIFF'S rightsl under the Elliott-Larson Civil Rights Act.

59. That after Plaintiff complained to Defendants about their discriminatory conduct, Defendant began to discipline PLAINTIFF for bogus violation of policies and procedures.

60. That Defendants ultimately terminated Plaintiff's employment in retaliation for his complaints of discrimination.

61. . That as a direct and proximate result of Defendants' discriminatory employment acts of retaliation , disparate treatment and intentional discrimination, which acts were based upon consideration of PLAINTIFF'S race as an African-American, PLAINTIFF has lost wages and future earnings, fringe benefits and other economic advantages incident to employment: and further, PLAINTIFF has and will continue to suffer mental anguish, severe depression, mental distress, anxiety, public humiliation, embarrassment, and outrage over the manner in which she has been treated which includes the loss of enjoyment of ordinary pleasures of life.

WHEREFORE, PLAINTIFF respectfully prays to this Honorable Court for the following equitable and legal relief:

a. Award PLAINTIFF appropriate back pay plus interest so as to render PLAINTIFF Whole from the unlawful acts of Defendant's discriminatory employment practices with respect to initial placement or assignment, pay level, compensation, promotion, transfer, training and unfair discipline;

b.    Award PLAINTIFF    the cost of litigation including reasonable attorney fees and witness fees pursuant to ELCRA; and

c.    Award PLAINTIFF economic and non-economic damages, including compensatory, punitive and exemplary damages and any other relief that this Honorable Court deems just and equitable.

## COUNT IV
## RETALIATION IN VIOLATION OF TITLE VII AS TO WCAA

62. That PLAINTIFF repeat1 and realleges every allegation, word for word, contained in Paragraphs 1 through 62 as though fully set forth herein.

63. That title VII of the Civil Rights Act of 1964 as revised under 42 USC 2000e, Prohibits retaliation

64. That the Defendant retaliated against PLAINTIFF for J's rejection and opposition to Defendant's unlawful and discriminatory employment practices, which were based on upon PLAINTIFF's race.

65. That the Defendants' conduct was willful, malicious, and intentional and in Reckless disregard of PLAINTIFF's rights under Title VII.

66. That as a direct and proximate result of Defendant's discriminatory employment acts of disparate treatment and intentional discrimination, which acts were based on unlawful consideration of PLAINTIFF's race as an African-American, PLAINTIFF has lost wages and future earnings, fringe benefits and other economic advantages incident to employment: and further, PLAINTIFF has and will continue suffer mental anguish, severe depression, mental distress, anxiety, public humiliation, embarrassment, and outrage

over the manner in which she has been treated which includes the loss of enjoyment of ordinary pleasures of life.

**WHEREFORE**, PLAINTIFF respectfully prays to this Honorable Court for the following equitable and legal relief:

a.  Award PLAINTIFF appropriate backpay plus interest so as to render PLAINTIFF Whole from the unlawful acts of Defendant's discriminatory employment practices with respect to initial placement or assignment, pay level, compensation, promotion, transfer, training and unfair discipline;

b.  Award PLAINTIFF the cost of litigation including reasonable attorney fees and witness fees pursuant to Title VII; and

c.  Award PLAINTIFF economic and non-economic damages, including compensatory, punitive and exemplary damages and any other relief that this Honorable Court deems just and equitable.

Submitted By:

**LAW OFFICES OF DIANA L. McCLAIN & ASSOCIATES P.C.,**
S/Diana L. McClain_____
By: Diana L. McClain (P-54781)
Attorney for Plaintiffs
7071 Orchard Lake Rd., Ste. 360
West Bloomfield, MI 48322
(248) 539-3714
dlmcclain@aol.com

Dated: March 6, 2018

12

## JURY DEMAND

Plaintiff,  FAISON by his attorneys, Law Offices of Diana L. McClain &

Associates, P.C., demand a trial by jury of all the issues in this cause.

Submitted By:

**LAW OFFICES OF DIANA L. McCLAIN**
**& ASSOCIATES P.C.,**
S/Diana L. McClain
By: Diana L. McClain (P-54781)
Attorney for Plaintiffs
7071 Orchard Lake Rd., Ste. 210
West Bloomfield, MI 48322
(248) 539-3714
dlmcclain@aol.com

Dated:  March 6, 2018

# EXHIBIT A

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Maxwell Faison
P. O. Box 1102
Garden City, MI 48136

From: Detroit Field Office
477 Michigan Avenue
Room 865
Detroit, MI 48226

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 471-2018-00406 | Deanna E. Wooten, Investigator | (313) 226-5673 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

Michelle Eisele,
District Director

12/05/2017
(Date Mailed)

Enclosures(s)

cc:
Lynda Racey
Director of Labor Relations
DETROIT METRO AIRPORT
L. C. Smith Terminal-Mezzanine Level
Detroit, MI 48242

Anne Widlak
Nemeth Law, PC
200 Talon Centre Drive, Suite 200
Detroit, MI 48207